JAMES STEWART, ET AL. *v.* C. B. TUSSEY'S ADMX.

**Mistake in Judgment.**

> Where it is made clear that a mistake is made in taking a judgment, and plaintiff recovers only a part of the debt, he may recover the remainder of the debt but in such a case the proof must be clear and satisfactory.

APPEAL FROM ROWAN CIRCUIT COURT.

November 17, 1883.

OPINION BY JUDGE HARGIS:

This action was brought by C. B. Tussey's administratrix for $100 which by mistake had been credited on a note of $340, on which she had previously instituted suit, recovered and collected judgment. It appears that Stewart, Cornett and Turner borrowed $400 from the decedent, Stewart and Cornett receiving $300 thereof and Turner the remainder. Interest to the amount of $53.33 had accumulated

and the parties renewed notes for their respective debts, Stewart and Cornett executing one for $340 and Turner one for $113.33⅓. As Stewart and Cornett got three times as much of the money as Turner, the interest on their debt was three times as large as the interest on his. This accounts for the exact correspondence of the third of the $340 note with Turner's note.

Turner paid the $100 and by mistake Mrs. Tussey's agent credited it on the note of Stewart and Cornett; hence she did not sue them for and recover that part of their indebtedness. She does not seek to set aside that judgment, but to recover the remainder they owe her, and we can not see why she has not the legal right to do so. It is necessary in such a case to make clear and satisfactory proof of the mistake, and this she has done by checks and other evidences to a mathematical demonstration. The evidence of Z. T. Young so far as it detailed conversations between him and Bradley, the father and agent of appellee, in the absence of the appellant was incompetent, but it being an inducement to the subsequent conversation between him and the appellants brought about by it there was no material error in failing to exclude it, as the evidence fully sustains the judgment without it. The exclusion of Cornett's deposition was proper because he is one of the defendants, interested in his own behalf, and testified to a conversation material to his own defense with the decedent in his lifetime under no exceptional circumstances that would authorize its admission. The code expressly declares such evidence inadmissible. Civ. Code 1876, § 606, subsec. 2.

Wherefore the judgment is *affirmed*.

*James E. Clarke, for appellants.*